UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SHERYL JACKSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:13-CV-233-NAB |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

The following opinion is intended to be the opinion of the Court judicially reviewing the denial of Sheryl Jackson's application for disability insurance benefits under the Social Security Act. The Court has jurisdiction over the subject matter of this action under 42 U.S.C. § 405(g). The parties have consented to the exercise of authority by the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). [Doc. 9.] The Court has reviewed the parties' briefs and the entire administrative record, including the hearing transcript and the medical evidence. The Court has now heard oral argument on the pleadings of the parties and the Court now issues its ruling in this opinion.

**I.      Issues for Review**

Jackson presents two errors for review. First, Jackson contends that the ALJ's residual functional capacity ("RFC") determination is not supported by substantial evidence. Second, Jackson contends that the hypothetical question to the vocational expert did not adequately capture the concrete consequences of her impairments and thus the vocational expert's response does not constitute substantial evidence.

**II.     Standard of Review**

This Court reviews decisions of the ALJ to determine whether the decision is supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). Substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." *Krogmeier v. Barnhart*, 294 F.3d 1019, 1022 (8th Cir. 2002). *See also Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). Therefore, even if a court finds that there is a preponderance of the evidence against the ALJ's decision, the ALJ's decision must be affirmed if it is supported by substantial evidence. *Clark v. Heckler*, 733 F.2d 65, 68 (8th Cir. 1984). To determine whether the Commissioner's final decision is supported by substantial evidence, the Court is required to review the administrative record as a whole and to consider:

> (1) The findings of credibility made by the ALJ;
>
> (2) The education, background, work history, and age of the claimant;
>
> (3) The medical evidence given by the claimant's treating physicians;
>
> (4) The subjective complaints of pain and description of the claimant's physical activity and impairment;
>
> (5) The corroboration by third parties of the claimant's physical impairment;
>
> (6) The testimony of vocational experts based upon proper hypothetical questions which fairly set forth the claimant's physical impairment; and
>
> (7) The testimony of consulting physicians.

*Brand v. Sec'y of Dept. of Health, Educ. & Welfare*, 623 F.2d 523, 527 (8th Cir. 1980); *Cruse v. Bowen*, 867 F.2d 1183, 1184-85 (8th Cir. 1989). Additionally, an ALJ's decision must comply "with the relevant legal requirements." *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir. 2008).

**III.     Discussion**

RFC is defined as what the claimant can do despite his or her limitations, and includes an assessment of physical abilities and mental impairments. 20 C.F.R. § 416.945(a). The RFC is a function-by-function assessment of an individual's ability to do work related activities on a regular and continuing basis.[1]  SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996).  It is the ALJ's responsibility to determine the claimant's RFC based on all relevant evidence, including medical records, observations of treating physicians, and the claimant's own descriptions of his limitations. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001). An RFC determination made by an ALJ will be upheld if it is supported by substantial evidence in the record. *See Cox v. Barnhart*, 471 F.3d 902, 907 (8th Cir. 2006). The Court finds that the ALJ's RFC determination is not supported by substantial evidence in the record as a whole.

In this case, the ALJ found that Jackson had the severe impairments of multiple sclerosis, migraine headaches, and a history of syncope[2]. The ALJ determined that Jackson had the RFC to perform sedentary work, with a sit/stand option and the ability to change positions at will. Upon a review of the entire record, the Court finds that the ALJ did not have sufficient evidence to make a RFC determination.

It is true that "[a] disability claimant has the burden to establish [her] RFC." *Eichelberger*, 390 F.3d at 591 (citing *Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir. 2004). However, the ALJ has an independent duty to develop the record despite the claimant's burden. *Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004). RFC is a medical question.

---

[1] A "regular and continuing basis" means 8 hours a day, for 5 days a week, or an equivalent work schedule. SSR 96-8p, 1996 WL 374184, at *1.
[2] Syncope is "loss of consciousness and postural tone caused by diminished cerebral blood flow." Stedman's Medical Dictionary 1745 (27th ed. 2000).

3

*Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004).  "Some medical evidence must support the determination of the claimant's RFC."  *Eichelberger*, 390 F.3d at 591 (citing *Dykes v. Apfel*, 223 F.3d 865, 867 (8th Cir. 2000)) (internal quotation marks omitted).  "[T]he ALJ should obtain medical evidence that addresses the claimant's 'ability to function in the workplace.'"  *Id.*  (quoting *Nevland v. Apfel*, 204 F.3d 853, 858 (8th Cir. 2003)).

In some cases, the duty to develop the record requires the ALJ to obtain additional medical evidence, such as a consultative examination of the claimant, before rendering a decision.  *See* 20 C.F.R. § 404.1519a(b).  "The ALJ is required to order medical examinations and tests only if the medical records presented to him do not give sufficient medical evidence to determine whether the claimant is disabled."  *McCoy v. Astrue*, 648 F.3d 605, 612 (8th Cir. 2011); *see also Freeman v. Apfel*, 208 F.3d 687, 692 (8th Cir. 2000) ("'[I]t is reversible error for an ALJ not to order a consultative examination when such an evaluation is necessary for him to make an informed decision.'" (quoting *Dozier v. Heckler*, 754 F.2d 274, 276 (8th Cir. 1985))).  Therefore, "[a]n ALJ is permitted to issue a decision without obtaining additional medical evidence so long as other evidence in the record provides a sufficient basis for the ALJ's decision."  *Anderson v. Shalala*, 51 F.3d 777, 779 (8th Cir. 1995).

In this case, the Court finds that the ALJ had a duty to further develop the record to obtain medical evidence to assist in the determination of the RFC in this matter.  First, the objective medical evidence shows that Jackson consistently received treatment for her multiple sclerosis and she alleged symptoms consistent with her impairments.  Second, the ALJ found that Jackson's multiple sclerosis was a severe impairment and then improperly used the diagnosis, confirmed by several doctors, against her credibility.  Third, the ALJ improperly gave little weight to Dr. Rauchway's RFC questionnaire and did not provide sufficient reason for doing so.

4

Dr. Rauchway's opinion is consistent with the objective medical evidence.  Dr. Rauchway's completion of the form indicates the length of treatment, that her medical diagnosis was based on Jackson's MRI and clinical presentation, and indicated symptoms and restrictions that were consistent with the diagnosis given.  Dr. Rauchway did not just check off every symptom listed or denote total incapacitation, which would support a presumption that its findings were based on sympathy or an "insistent" or "demanding" patient as suggested by the ALJ.  Fourth, because the ALJ gave little weight to Dr. Rauchway's opinion, there is no other medical evidence in the record regarding Jackson's functional limitations in the workplace, including the limitations found by the ALJ.

Because the Court finds that the ALJ's RFC determination is not supported by substantial evidence, the Court will not address the second issue regarding whether the vocational expert's testimony constitutes substantial evidence.

Accordingly,

**IT IS HEREBY ORDERED** that pursuant to sentence four of 42 U.S.C. § 405(g), the decision of the Commissioner is **REVERSED AND REMANDED for a consultative examination and new RFC determination**.

**IT IS FURTHER ORDERED** that a separate Judgment will be entered in favor of Sheryl Jackson.

Dated this 13th day of December, 2013.

    /s/ Nannette A. Baker
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE

5